UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHANE PROVOST,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, JAMES HALLING, LAW ENFORCEMENT OFFICER AT COUNTY OF HUGHES, PIERRE, SD; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; MARK SMITH, STATES ATTORNEY AT COUNTY OF HUGHES, PIERRE, SD; IN HIS INDIVIDUAL AND OFFICAL CAPACITY; AND SCOTT MYREN, MAGISTRATE JUDGE AT HUGHES COUNTY, PIERRE, SD; IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>　　　　　　Defendants. | 4:19-CV-04040-LLP<br><br><br>1915A SCREENING AND ORDER DISMISSING CASE |

Plaintiff, Shane Provost, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Provost is an inmate at the South Dakota State Penitentiary. This Court granted Provost leave to proceed in forma pauperis and he paid his initial filing fee on April 8, 2019. Docket 5. This Court now screens Provost's complaint under 28 U.S.C. § 1915A.

**FACTUAL BACKGROUND**

Provost sues each defendant in their individual and official capacities. Docket 1. In count one, Provost claims that on September 8, 2002, he was arrested without a warrant. *Id.* at 4. He alleges that Officer James Hallings filed an "Affidavit of Probable Cause for Warrantless Arrest." *Id.* Provost asserts that the affidavit was never signed by Magistrate Judge Scott P. Myren, but was instead signed by law enforcement officer, Mark Smith, and was done so in

1

violation of a South Dakota statute.[1] *Id.* He claims that these actions violated his rights under the Fourth Amendment. *Id.*

Provost asserts that his Fifth Amendment due process rights have been violated in count two. *Id.* at 5. He claims that on February 5, 1973, he was unlawfully detained in Iowa. *Id.* He claims that he is "[a] citizen of Iowa, by [b]irth, and the State [of] South Dakota has denied said citizen of due process of law." *Id.* In count three, Provost alleges an equal protection violation based on the events that allegedly occurred in 1973 and 2002. *Id* at 6. He believes he was denied equal protection because he is a Native American. *Id.* Provost claims that the alleged violations have ruined his life and have caused him serious bodily injury. *Id.* Provost request that his case be remanded back to the state court. *Id.* at 7.

## LEGAL STANDARD

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare

---

[1] Provost lists Mark Smith as a "States Attorney" for the County of Hughes and later lists Smith as a law enforcement officer. *See* Docket 1 at 2, 4.

essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court will now assess Provost's individual claims under 28 U.S.C. § 1915A.

A. **Claims against the State of South Dakota**

Provost named the State of South Dakota as a defendant. Docket 1 at 1. The State of South Dakota is generally immune from suit. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65 (1989). The Supreme Court has explained that Congress, in passing 42 U.S.C. § 1983, did not abrogate states' Eleventh Amendment immunity from suit in federal court. *Id.* (citations omitted). "Eleventh Amendment immunity extends to states and arms of the state[.]" *Thomas v. St. Louis Bd. of Police Comm'rs*, 447 F.3d 1082, 1084 (8th Cir. 2006) (internal quotation omitted). Provost's claims against the South Dakota are barred by the Eleventh Amendment and dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.   **Fourth Amendment Claims**

Provost claims his Fourth Amendment rights were violated in 2002 by defendants, Halling, Magistrate Judge Myren, and Smith. *See* Docket 1 at 4.[2] A complaint may be dismissed by the court's own motion as frivolous under 28 U.S.C. § 1915(d) when it is apparent the statute of limitations has run. *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). While § 1983 does not contain a specific statute of limitations, the Supreme Court has instructed courts to apply the most analogous statute of limitations to claims made under § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). South Dakota adopted a specific statute that provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or be barred. *Bell v. Fowler*, 99 F.3d 262, 266 (8th Cir. 1996) (referencing SDCL 15-2-15.2). Because the alleged Fourth Amendment violations occurred in 2002 and Provost has not suggested a reason for tolling the statute of limitations, these claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

C.   **Fifth Amendment Claim**

Provost claims that his Fifth Amendment due process rights were violated on February 5, 1973, when he was allegedly unlawfully detained in Iowa. Docket 1 at 5. Again, this claim is more than three years old and Provost does not state a reason for tolling the statute of limitations. *Id.* As expressed in the analysis above, because Provost's Fifth Amendment claims allegedly occurred in 1973, his claims are barred by the statute of limitations. Thus, Provost's Fifth Amendment claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

---

[2] Judges are generally immune from suit if the judge had jurisdiction over the party. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978). This Court will not address whether the Honorable Magistrate Judge Scott P. Myren has judicial immunity against this claim because the statute of limitations has run.

### D. Equal Protection Claim

Provost claims that he has been denied equal protection in violation of the Fourteenth Amendment because he is a Native American. Docket 1 at 6. He bases this violation on the claims from 1973 and 2002 and asserts that this due process violation is ongoing. *See id.* Because Provost claims that this is an ongoing violation, with liberal construction by this Court, Provost has asserted a reason why the statute of limitations has not barred this claim. Thus, this alleged violation will be addressed on its merits.

"The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994) (citing *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)). A plaintiff must first demonstrate that she was treated "differently than others who were similarly situated to her." *Id.*; *In re Kemp*, 894 F.3d 900, 909-10 (8th Cir. 2018) (" '[d]issimilar treatment of dissimilarly situated persons does not violate equal protection' " (alteration in original) (quoting *Klinger*, 31 F.3d at 731)).

An equal protection violation also requires "an intent to discriminate." *In re Kemp*, 894 F.3d at 910; *see also Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012) ("In the absence of any allegations of intentional discrimination, we therefore concluded the Equal Protection Clause did not provide a ground for relief for appellant's section 1983 race discrimination claim."). An equal protection claim has been recognized through a "class of one" claim where a "plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Provost asserts that he is being denied equal protection because he is a Native American. Docket 1 at 6. He does not allege any facts that he has been treated differently than anyone who is similarly situated to him. *In re Kemp*, 894 at 909-910. Further, he does not assert that he was intentionally discriminated against as required by *In re Kemp* and *Henley*. *Id.* at 910; *Henley*, 686 F.3d at 642. Provost merely asserts a legal conclusion; thus, his equal protection claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

E. **Strike**

Provost's complaint fails to state a claim upon which relief may be granted and is frivolous. Provost's complaint is dismissed without prejudice and judgment will be entered in favor of the defendants. Further, section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Provost's filing of a legally frivolous lawsuit constitutes a strike against him for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Provost's first recorded strike.

IT IS ORDERED:

1. That Provost's case is dismissed without prejudice.

2. That this action constitutes a strike against Provost for purposes of the three-strike rule under 28 U.S.C. § 1915(g). This is Provost's first recorded strike.

Dated this 18th day of December, 2019.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN CLERK

*Matthew Thelen*